NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ESPINOZA, | No.   22-15373 |
| Petitioner-Appellant, | D.C. No. 3:19-cv-04693-VC |
| v. | |
| TAMMY FOSS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted November 17, 2022
San Francisco, California

Before:  McKEOWN and PAEZ, Circuit Judges, and SESSIONS,[**] District Judge.

Luis Espinoza appeals the district court's order denying his 28 U.S.C.

§ 2254 petition for habeas relief.  The district court issued a certificate of

appealability only as to Espinoza's claim that certain evidentiary procedures in his

trial violated his rights under the Sixth and Fourteenth Amendments.  We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review de novo the district court's denial of a habeas petition. *Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019). Espinoza's petition is "subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which forecloses habeas relief for 'any claim that was adjudicated on the merits in State court' unless the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019) (quoting 28 U.S.C. § 2254(d)). Under the first prong, a state court decision violates clearly established Supreme Court precedent only when there can be no "fairminded disagreement" about the rule's application to the present circumstances. *White v. Woodall*, 572 U.S. 415, 427 (2014).

**1.** *Confrontation Clause*. Espinoza argues that his Sixth Amendment right to confrontation was violated when the prosecutor at his trial was permitted first to ask substantive, incriminating questions of a witness in front of the jury despite the witness's refusal to testify, and then to argue in closing that the jury could infer that the witness was "protecting" Espinoza by refusing to testify. Espinoza's argument requires analogizing the procedure in his case to the constitutionally

2

impermissible procedure in *Douglas v. Alabama*, 380 U.S. 415, 416–17 (1964).

Unlike in *Douglas*, however, in Espinoza's case, the prosecutor did not claim that the witness had previously made any out-of-court statements and the prosecutor's questions were not so detailed as to require an assumption that the questions reflected the uncooperative witness's prior statements. Further, the jury was instructed not to consider the witness's testimony or the prosecutor's questions. Under the circumstances, the jury could reasonably infer that the witness was protecting Espinoza without assuming he would have answered the prosecutor's questions in the affirmative. Thus, *Douglas* did not clearly establish a constitutional rule that every fair-minded jurist would have applied to Espinoza's case. *See White*, 572 U.S. at 427.

2. *Due Process*. Espinoza argues that the prosecutor committed misconduct by calling the witness despite the witness's prior refusal to testify, asking the witness whether he told Espinoza to kill the victim, and arguing to the jury that it could infer Espinoza's guilt from the witness's refusal to testify. Prosecutorial misconduct violates a defendant's constitutional right to due process when it renders a trial fundamentally unfair. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Although, as the district court noted, the prosecutor asked questions that he likely should not have been permitted to ask, the inappropriate questioning was mitigated by the trial court's instructions to the jury, and Espinoza has not

3

identified Supreme Court precedent that clearly proscribes drawing a negative inference from a witness's refusal to testify. The prosecutor's argument that the jury could infer that the witness refused to testify in order to protect Espinoza also was not irrational in light of evidence that the witness was not protecting himself, and evidence of the witness's relationship with Espinoza. *See Cnty. Court of Ulster Cnty. v. Allen*, 442 U.S. 140, 165–66 (1979) (holding that statutory presumption did not violate the due process clause where there was a rational connection between the facts proven and the facts presumed). Under these circumstances, the state court could reasonably conclude that the prosecutor's conduct did not render Espinoza's trial fundamentally unfair. *See Darden*, 477 U.S. at 181, 182; *see also Parker v. Matthews*, 567 U.S. 37, 47–48 (2012) (noting that "the *Darden* standard is a very general one" that allows broad leeway in case-by-case applications).

**AFFIRMED.**